# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 21-20309

United States of America,

*Plaintiff—Appellee*,

*versus*

Patricia Ann Garcia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-832-3

Before Higginson, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Appellant pleaded guilty to one count of false information and hoaxes for repeatedly calling 911 to falsely report that her neighbors, with whom she was feuding, were committing drug and federal firearms offenses. 18 U.S.C. § 1038(a). Those neighbors were eventually killed by law enforcement

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20309

executing a "no-knock" warrant connected with (but executed weeks after) Appellant's false reports. On motion by the United States, the district court imposed an above-Guidelines sentence of imprisonment for forty months. Appellant now challenges the substantive reasonableness of that sentence, to which she objected, claiming the district court (1) gave significant weight to an irrelevant or improper factor, and (2) incorrectly balanced the proper sentencing factors. We disagree and AFFIRM.

This court reviews the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Review of an above-Guidelines sentence for substantive reasonableness is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors." *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013) (quoting *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011)); *accord Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). Indeed, "[e]ven a significant variance from the Guidelines does not constitute an abuse of discretion if it is 'commensurate with the individualized, case-specific reasons provided by the district court.'" *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (quoting *United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011)).

Two points make clear that we are not faced with a substantively unreasonable sentence. First, the district court did not consider either an irrelevant or improper factor. Courts are expected to consider "the nature and circumstances of the offense," as well as the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment." 18 U.S.C. § 3553(a). That is precisely what the district court did. There is no dispute that Appellant repeatedly and falsely told law enforcement that her neighbors were drug dealers, that they were

using drugs, that they had "machine guns," and that there was a hostage situation involving Appellant's fictional daughter. Mindful of this, the district court concluded that Appellant's offense was not "thoughtless" but rather a "callous," "sophisticated attempt to use 911 as a weapon." No reading of the record can support Appellant's apparent belief that her sentence rested upon unwarranted "conjecture" about what she "intended," and the district court made clear that it was not considering the eventual death of her neighbors. Instead, the district court correctly focused on the obvious: Appellant *tried* to create an armed standoff between her neighbors and law enforcement on the evening she made her false reports. Under no circumstance could this reasonably be characterized as irrelevant or improper. *Cf., e.g.*, *United States v. Roush*, 466 F.3d 380, 389 (5th Cir. 2006) (vacating sentence where district court justified below-Guidelines deviation on an irrelevant consideration).

Neither does *United States v. Mathes*, 759 F. App'x 205 (5th Cir. 2018), bear the weight of Appellant's reading. There, the district court erroneously predicated an upward variance on the belief that the appellant benefitted at sentencing from the dismissal of a firearm charge. *Mathes*, 759 F. App'x at 210. Not only was this wrong as a matter of fact, but there could be no legitimate claim that dismissal based on innocence provides a reasonable basis for an upward variance under 18 U.S.C. § 3553(a). *Id.* This is a vastly different case.

Second, we see no abuse of discretion in the district court's balance of the sentencing factors. Beyond the nature and circumstances of the offense, the district court noted Appellant's progressively escalating criminal

No. 21-20309

history,[1] her perceived lack of remorse,[2] as well as "the need . . . to deter others from this kind of conduct." Each consideration is more than appropriate; it was expected. 18 U.S.C. § 3553(a)(1)–(2). The district court thereby laid the individualized, case-specific foundation on which an above-Guidelines sentence is justified. *See, e.g.*, *United States v. Sanchez-Ramirez*, 497 F.3d 531, 535 (5th Cir. 2007) (per curiam) (affirming above-Guidelines sentence where "the district court deviated upwards because it felt that the facts in this case were more egregious than . . . normal"); *Diehl*, 775 F.3d at 724. We will neither reweigh the sentencing factors nor substitute our judgment for that of the district court. *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (per curiam).

AFFIRMED.

---

[1] While on bond, Appellant was arrested for driving while intoxicated after crashing into a parked vehicle and tested positive for cocaine.

[2] After law enforcement killed Appellant's neighbors, Appellant complained that she was "getting tired" of mourners conducting candlelight vigils and blocking the road. These facts speak more loudly than Appellant's written "acceptance of responsibility."